IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LAMONTE D. BARNES, #469274,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 25-cv-01528-JPG |
| | ) |
| **ST. CLAIR COUNTY MEDICAL HOSPITAL SYSTEM,** | ) ) ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff LaMonte Barnes filed a Complaint (Doc. 1) on August 1, 2025, without prepaying the $405.00 filing fee for this action or submitting a Motion for Leave to Proceed *in forma pauperis* (IFP motion). In the Complaint, Plaintiff brings claims pursuant to 42 U.S.C. § 1983 against St. Clair County Medical Hospital System for an alleged violation of his rights under the Health Insurance Portability and Accountability Act (HIPAA). *Id*. The Court dismissed the Complaint for failure to state a claim upon which relief may be granted on August 6, 2025. (Doc. 4). Plaintiff was ordered to file a First Amended Complaint no later than September 2, 2025, if he wished to proceed with his claim(s) herein. *Id*.

The Court also ordered Plaintiff to prepay the full filing fee or file an IFP motion by the same deadline of September 2, 2025. (Docs. 3, 4). Plaintiff was warned that this action would be dismissed for failure to comply with these Orders after the deadline expired. *Id*. (citing FED. R. CIV. P. 41(b)).

The Court separately ordered Plaintiff to submit a signed Notice and Consent to Proceed Before A Magistrate Judge Jurisdiction Form: Pursuant to Administrative Order No. 408 on or

1

before August 22, 2025.  (Doc. 2).  When he missed this initial deadline, the Court extended it *sua sponte* to August 29, 2025.  (Doc. 5).

To date, Plaintiff has not filed a First Amended Complaint in compliance with the Order at Doc. 4, submitted a filing fee or IFP motion in compliance with the Orders at Docs. 3 and 4, or a filed a signed Consent/Non-Consent to Proceed Before a Magistrate Judge in compliance with the Orders at Docs. 2 and 5.  These deadlines expired at least a week ago, and the Court will not allow this matter to linger.

This action is **DISMISSED** without prejudice for noncompliance with the Court's Orders at Docs. 2, 3, 4, and 5 and for want of prosecution.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  This dismissal does **NOT** count as a "strike" under 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, so the fee of $405.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff would like to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 9/9/2025**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
